**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 18-cv-1462-WJM-KLM

JOHN DOE,

    Plaintiff,

v.

PHILLIP DISTEFANO, Chancellor for the University of Colorado Boulder, and
THE BOARD OF REGENTS FOR THE UNIVERSITY OF COLORADO,

    Defendants.

## ORDER GRANTING MOTION TO FILE UNDER PSEUDONYM

On June 12, 2018, Plaintiff John Doe ("Plaintiff") filed the instant action for violations of his state and federal due process rights, breach of contract, breach of the covenant of good faith and fair dealing, and estoppel arising out of Plaintiff's expulsion from the University of Colorado.  (ECF No. 2.)  That same day, Plaintiff filed a Motion to File Complaint Under Pseudonym (the "Motion").  (ECF No. 3.)  On July 11, 2018, Plaintiff filed an amended complaint alleging the same causes of action against Defendant Phillip DiStefano and adding the Board of Regents for the University of Colorado as a defendant.  (ECF No. 11.)  On July 16, 2018, Defendants responded to the Motion and indicated that they did not oppose Plaintiff filing under a pseudonym.  (ECF No. 16.)

The Federal Rules of Civil Procedure mandate that "[e]very action shall be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).  There are no rules or statutes which allow

parties to proceed under a fictitious name. *Femedeer*, 227 F.3d at 1246. The Tenth Circuit has, however, recognized that there may be "exceptional circumstances" in which a party may be allowed to proceed anonymously. *Id.* These "exceptional circumstances" typically involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id*. (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

In determining whether to permit a party to proceed anonymously, the Court is to weigh "the plaintiff's claimed right to privacy against the countervailing public interest" in public court proceedings. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). This Court and others have permitted plaintiffs accused of sexual assault who challenge a university's disciplinary process to proceed anonymously. *Doe v. Board of Regents*, Case No. 18-cv-89 (D. Colo. Jan. 16, 2018), ECF No. 15 (allowing the plaintiff to proceed under a pseudonym); *see also Doe v. Miami Univ.*, 882 F.3d 579, 584 n.1 (6th Cir. 2018); *Doe v. Univ. of Denver*, 2018 WL 1304530 at *1 n.1 (D. Colo. Mar. 13, 2018); *Doe v. The Rector and Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593–94 (E.D. Va. 2016) ("[W]hat justifies the use of pseudonyms here is plaintiff's status as an accused perpetrator of sexual misconduct. . . . If plaintiff is ultimately found not responsible . . . then he should not have his name forever associated in the public mind with an accusation that carries a significant social stigma.").

The information contained in Plaintiff's Motion establishes to the Court's satisfaction that he should be permitted to proceed anonymously. (*See* ECF No. 3.)

Plaintiff claims that he was falsely accused of nonconsensual sexual activity with another student who was, at the time, incapable of consent. As a result, Plaintiff was expelled from the University of Colorado and excluded from campus. He challenges that expulsion and the University's process. The stigma of being found responsible and expelled for nonconsensual intercourse, regardless of the outcome of the litigation, is of a highly sensitive and personal nature. *See George Mason*, 179 F. Supp. 3d at 593–94. The Court thus finds that it is appropriate to allow Plaintiff to proceed anonymously.

For the reasons set forth above, the Court orders as follows:

1. Plaintiff's Motion to File Complaint Under Pseudonym (ECF No. 3) is GRANTED;

2. All captions and filings shall refer to Plaintiff as "John Doe" in all future Court filings; and

3. If it is necessary to file a document with the Court bearing Plaintiff's true name, such a document shall be filed under Level One Restriction pursuant to D.C.COLO.LCivR 7.2 such that it is viewable by the Court and parties only, and a redacted copy of the document shall be filed on the publicly available docket.

Dated this 28th day of August, 2018.

BY THE COURT:

William J. Martinez
United States District Judge